THOMAS, Justice.
The petitioner filed a bill of complaint containing allegations that the petitioner manufactured and sold wearing apparel under the brands, “Lilli Ann” and “Lilli Ann of San Francisco”, which had been nationally advertised for many years and had come favorably to be known to the public. It was charged that the respondent was selling clothing bearing these brands and that the articles so sold were not manufactured by the petitioner but were copies which were being marketed at greatly reduced prices. All this, so it was averred, deceived the public and irreparably injured the petitioner. The petitioner sought an injunction and a judgment for the damages it had suffered by reason of the piracy of the trade names.
After the respondent answered, the petitioner propounded to the respondent interrogatories seeking certain information, especially knowledge of the source of the garments said in the bill to have been sold falsely under the petitioner’s trademarks.
The respondent objected to the interrogatories which would elicit information relative to the source of supply of the challenged garments and the chancellor sustained the objection, but he required that the names and addresses of the persons from whom the goods were being procured be placed in a sealed envelope and submitted to the court. The court announced that a notation would be placed on the envelope “that the same shall not be opened, or delivered to any person for inspection or otherwise, except after further written order of this Court.” In this order he referred to a former ruling, not now reviewable because of the passage of time, but which we must consult in order to understand what the chancellor intended by his later expression. From the earlier order it appears that the respondent’s objection had been based on the ground that an answer would require the disclosure of trade secrets. The chancellor reserved final decision of the point until a hearing on the merits.
From the parts of the record to which we have alluded it seems that the information sought would not be disclosed until final hearing, if at all.
The petitioner appealed from what is obviously an interlocutory order, but under Sec. 59.45, Florida Statutes and F.S.A., we consider the appeal as a petition for cer-tiorari presented under Supreme Court Rule 34, 30 F.S.A.
We do not find that the chancellor’s action in deferring the ruling on the request for the information was justified by Rule 1.24(b), Florida Rules of Civil Procedure. It is conceded by the respondent, as it might well be in view of the pertinent allegations of the bill, that the “only issue in the case at bar is whether the garments sold by defendant [respondent] are manufactured by the plaintiff [petitioner] or whether such garments are imitations of garments manufactured by the plaintiff [petitioner].”
Certainly such vital information, or a decision whether or not it would be available, *679 should not be withheld until a trial of the controversy on the merits. To enable the litigants to prepare for the final hearing by developing the facts of the case, a ruling on this pivotal point should be made. It seems to us neither party could well have his bearings until it was known whether the information would be divulged. Conceivably the petitioner could get the evidence in another, more difficult, way but why should it be put to the task if the answers would furnish the intelligence. As for the respondent, it would be to her advantage to know in advance of final hearing what problem she would face if her answers were to aid her adversary.
It is clear to us that the chancellor abused his discretion in delaying decision on the matter we have discussed and that to such extent his order should be quashed.
It is ordered that the petition for certi-orari be granted and that that part of the order we have held improper be quashed.
MATHEWS, C. J., and HOBSON, and DREW, JJ., concur.